## KIMBAUGH v. UNITED STATES.
### No. 14054.

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1952.

John G. Saul, Washington, D. C., for appellant.

J. Ellis Mundy, U. S. Atty., F. Douglas King, Harvey H. Tysinger, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

On his plea of guilty of, in the United States Penitentiary in Fulton County, Georgia, making an assault with a weapon likely to produce death, and sentenced to imprisonment for the period of three years, the sentence to run consecutively with the sentence which he was then serving, defendant, within a few days thereafter, filed a motion for reduction of his sentence.

This motion, consisting of a statement in effect that he was the attacked and not the attacker and that the attorney who had been appointed to represent him had not effectively done so but had, by telling him that if he did not plead guilty he might be given a much heavier sentence, put him in fear of making a proper contest, concluded with a request that his sentence be made to run concurrently with the sentence he was already serving.

The district judge, treating the motion for reduction of sentence as a motion under Section 2255, 28 U.S.C.A., denied it, without setting it down for hearing, on the ground that the motion and the files and records of the case conclusively showed that the presenter was entitled to no relief.

Thereafter the defendant gave notice of appeal, not from the order of the judge denying his motion for reduction of sentence (this order being entirely within the discretion of the judge was not appeal-

able), but from the judgment and sentence on the plea of guilty, and the matter stands before us on that appeal. So standing it presents nothing whatever for our consideration.

No error is, or could be, assigned to any matter or thing occurring on the trial. The record shows that nothing occurred except the indictment, the entry of a plea of not guilty, the withdrawal of that plea, the entry of a plea of guilty, the judgment of conviction, the motion for reduction of sentence, and its denial. Nothing is pointed to, nothing appears in the record on which a claim of error is, or could be, assigned.

No error appearing, the judgment is affirmed.